Next case is David Boyd v. Eric Shinseki, Secretary of Veterans Affairs, 2012, 7004. We'll hear from Mr. Carpenter when he's ready. Good morning. May it please the Court, Kent Carpenter appearing on behalf of Mr. Boyd. Mr. Boyd appeals the decision of the Veterans Court based upon the question of whether or not the Board exceeded its jurisdiction by addressing the merits of Mr. Boyd's entitlement to service-connected compensation for disabilities incurred during the second period of his active duty of service. The Board acted in excess of its jurisdiction because the Board only had jurisdiction over the question that was appealed by Mr. Boyd, which was the VA's character of discharge decision that related to his second period of service. The VA's character of discharge determination… The Board, in that decision, treated the character of discharge as relating to both periods, as I read the Board decision.  It seems as though there were two arguments confronted. One, whether he lost because of the character of discharge, and second, whether he'd established service connection. I find the whole argument about this rather confusing, since the Board seemed to address those things and decide them, and it was the end of it, no? Well, Your Honor, our position is that the character of discharge determination is dispositive as a matter of law for the entitlement to service-connected compensation. In other words, because he was disqualified by both statute and regulation under the VA's decision, then the Board could not possibly have had jurisdiction to adjudicate the matter of his entitlement on the merits because the merits could not have been adjudicated by the VA as a matter of law. The character of discharge determination, which was withheld from Mr. Boyd and was not disclosed to him until after he filed… But they did go on. The RO did go on in a later decision to address the service connection question, quite apart from the discharge issue, right? They did, Your Honor, but they did so beyond the ability for that decision to have ever been favorable, because as a matter of law, based upon the character of discharge determination, there was no ability for the Board to have ever resolved the entitlement to VA benefits in Mr. Boyd's favor. So that was, frankly, a legal nullity. They did do that, and Mr. Boyd, in an effort to protect himself, filed a notice of disagreement with that substantive determination, but you'll note in that substantive determination that no distinction was made between periods of service, and it is the second period of service that the VA expressly found was a bar to VA benefits. That determination was dispositive. The Board, when it favorably disposed of that question, should have returned the matter back to the VA for a decision on the merits. I agree you can read the Board's decision as having addressed that issue, which is what the court below did, but the fact of the matter is that as a matter of law, the Board was precluded from going forward with that because the VA had incorrectly, previously determined that he was ineligible based upon the character of his discharge. Well, suppose we had an RO decision that says two things. It says because of the character of the discharge, he's not entitled to benefits, but alternatively, even if the discharge isn't a bar, then we find that there was no service connection, and the case goes up to the Board, and the Board rejects the first ground and accepts the second ground. Is there something wrong with that? Yes, I believe there is, Your Honor. Really? Why? Because the VA doesn't make decisions in the alternative. The VA is supposed to be adjudicating in order to award benefits, and they made a dispositive determination that precluded that. There is no provision within the VA statutory or regulatory structure to say, but if we're wrong, then you're not entitled to benefits on this basis. They made a dispositive decision that had to do with the application of a specific statute and a specific regulation that barred him to VA benefits based on the character of his discharge. Mr. Boyd prevailed on that appeal, and that was the end of that appeal, and the Board should have simply sent it back. If they wanted to proceed with the first period of service, that's of no moment to Mr. Boyd, because that's not when his injuries took place. I don't understand what authority you can cite to me for the proposition that the VA couldn't issue alternative findings. I mean, courts do it all the time, so what is your authority? Not what is your instinct or when you think, well, this is not what the VA does. What is your authority for the proposition that the VA is precluded from issuing fact findings in the alternative and decisions that would resolve a case in an alternative way? My authority is the nature of this adjudicatory process. But where? In the statute? In the regs? Is there a case? No, Your Honor. They would be ridiculously inefficient to tell the VA they can't do that. In fact, the Supreme Court has told us that we have to in patent cases. We have to decide validity even if we've found non-infringement. There are situations in which you're required to. Now, you're not always required to, but you're saying they're barred from doing it, that they absolutely cannot decide in the alternative under any set of circumstances, and that to me seems like a very extreme proposition for which there's no authority. The authority is the non-adversarial nature of this process. The non-adversarial nature of this process— Is there some regulation or statute or case law that says when a process is not adversarial, you shouldn't have alternative findings? No, nor is there any express authority to do as the court suggests, as is done— How about the Jackson case, express authority? That's a case that you were at least once very familiar with. Yes, sir. But the Jackson case is a question of the reopening of a case that had already been adjudicated. This is a question of the disposition of the entitlement to VA benefits in the first instance. The Jackson case is entirely distinguishable because the Jackson case is based upon the fact that the board had an independent obligation to assure itself of its jurisdiction. Just the opposite happened here— The Jackson case relied on a statutory provision that said all questions in a matter are subject to one review. That's correct, your honor. And the only pertinent decision was the disposition of the character of discharge question because that was an absolute bar to VA benefits. And until that decision was modified, as it was by the board, that was the one decision of the secretary, as it related to the second period of service. The second period of service here is the period of service that there was found by the VA to have been an absolute bar for. That decision controlled the ability, or as it were the inability, for the VA to ever pay Mr. Boyd benefits. He took an appeal of that decision and he prevailed on that decision and he was entitled then to go back for a re-adjudication based upon the determination that he was entitled to benefits. There was no adjudication based in the alternative and although you can certainly read the decision that way, that is an action in my view that applies in the context of an adversarial proceeding, not in the context of a non-adversarial proceeding. Mr. Boyd was misled about the VA's decision on status and didn't find out until he filed a notice of disagreement with the denial of the benefits on the merits. When he found... Then he had an opportunity to deal with the merits, didn't he, in this point? No, Your Honor, because he was precluded from consideration of the merits because of the status determination. Because they determined that he no longer had the status... Did he argue the merits before the board? Yes, he did, Your Honor. But the fact of the matter is that he had to do that because the decision below was that he wasn't qualified. If they overturned that decision, then it would have to go back on the merits of the second period of service. What's unique in this case is that there are two periods of service. If there had only been one period of service, Your Honor, I believe that it is logical and intuitive for the VA to go ahead and proceed with the merits. But we have two separately distinct periods of service in which the VA found that there was no entitlement to VA benefits based on the character of discharge for his second period of service. If there's any further questions, I'll reserve the balance of my time. We'll save your time, Mr. Kaplan. Thank you.  Thank you. Good morning. May it please the Court. As a general matter, the regional office in the Veterans Administration adjudicates claims in the first instance. But it has been well established that the Board of Veterans' Appeals may consider an issue in the first instance if there is a waiver by the appellant, or the veteran rather, or if there's a determination based on the facts of that case that there was no prejudice. In this case, we have both. Mr. Boyd's counsel just conceded that he argued the merits of his claim to the Board. Well, arguing the merits is not the same thing as waiving. I mean, that's a totally different thing. If I tell you, well, you know what, I'm not sure I have jurisdiction. I'm not sure I'm going to reach this issue, but go ahead and argue the merits anyway. That's not an admission on your part about jurisdiction, the fact that you went ahead and argued the merits. Well, I think it's something. And I would concede that if you look at it, there's a continuum. And on one hand, you have an express waiver of the RO's consideration of an issue. That's on one pole. And on the other end, you have something less definitive, that arguing the merits is not on that very clear pole. But it is somewhere, and it is closer to an express waiver than not. So you're going to say a veteran who is pro se in a non-adversarial proceeding, when confronted with an argument by the government about the entire time period, we should treat his response to that argument as a waiver? That's the legal standard that you would like me to adopt for a veteran in a pro se, non-adversarial proceeding? No, that's not right. And I think we need to be clear about what we're advocating, because we don't want a categorical rule like that. Number one, in this case, Mr. Voidwell is represented, so it's not an issue here. But looking beyond that, the general rule is the general rule. The VA RO will consider an issue in the first instance. But the board should be allowed the flexibility in particular cases when there are procedural safeguards in place, like the waiver of determination that can be reviewed at the Court of Appeals for Veterans Claims, and like the prejudice rule. And I think that giving the Secretary that kind of flexibility is actually good for veterans in the long run, because that will allow veterans to have their claims adjudicated expeditiously. And it's important to balance that, of course, with fairness. Now, but tell me procedurally, if the November decision disposed of the first time period, isn't it the case that that claim was no longer before that adjudicative body? They'd already rendered a decision on that. So technically, should they really be in a subsequent proceeding addressing that same time period and offering a different reason in a subsequent proceeding? Well, the RO had an administrative decision in November of 2004 that pertained just to the second period of service. In December, there's a decision from the RO that says the first period of service on the merits denying the claim. That gets appealed. There's a notice of disagreement that's filed. You don't think the December decision applied to both time periods? I think that it's unclear. The board period is applying to both. Well, I think that's a fair reading of what the board did. Candidly, it's a little bit difficult to determine what the board, whether the board has had alternative holdings or was just looking at the one period for the character of discharge. I think the board's opinion is very clear that they're treating the character of discharge as applying to both periods. And they say, you know, you can't divide the service into two periods. And the question is, you know, at the end of the thing, did he get a bad conduct discharge or whatever the standard is, the discharge under less than honorable condition, and that would apply equally to the whole period of service. Well, I don't know that that's exactly right. I think that if he had a bad conduct discharge. Didn't the bad conduct thing only occur after the first period was entirely over? So it couldn't apply to the first period. That's exactly right. Theoretically, he could still be eligible for benefits based on his first period of service. The bad conduct discharge comes in at the end of the second period of service. And that's why we get this bifurcated process where when that determination was made, the RO needs to consult the merits as to the first period. So the dishonorable discharge part only applies to the second period of service, and that finding or that conclusion is only relevant to the second period of service. That's the November decision that he says he never got or didn't get notice of, right? I think that's a fair reading. What do you make at JA-128? The board says, except as provided in 313C, the entire period of service constitutes one period of service, and entitlement will be determined by the character of the final determination of such period of service. Doesn't that say that we have to treat it as a single period of service? I think that that's what it says, but the way that the RO adjudicated it here is by splitting it up. I mean, there would be no reason, if this would have been followed by the RO in the first instance, there would have been no reason to bifurcate the proceedings. The board may disagree with the RO as to how to proceed and what the consequences are. Yeah, and that's absolutely right. I'm just trying to explain how we got to where we're at through the RO. And if the board is plainly empowered to correct legal errors that it sees below, so I think that the court could read this language as saying that plus the reversal of the character discharge determination would take care of everything, and there would be no issue. I think the court could do that, but I just wanted the court to be aware that the RO did bifurcate it in that respect. I want to just address a couple of points very briefly. I would direct the court to Joint Appendix 3, and that's where the Veterans Court made some findings about the sort of prejudice, the notice that Mr. Boyd received. And this is sort of the flip side. We have the waiver issue, which we think is established on the fact of this case, particularly given the concession Mr. Boyd is here today. But we also have the prejudice prong that we think is also established, and that's in the middle of Joint Appendix 3. Appellant argues that the board decision on appeal denied him the opportunity to make his case on the merits after reversing the decision on the discharge. That's the same argument. That's the core of the argument that Mr. Boyd is making here today. The Veterans Court looked at that issue, considered the fact, considered the notice that Mr. Boyd received, considered his opportunity to submit additional evidence, well, long after he knew that the administrative decision from November 2004 cut against him, and nonetheless determined that there was no prejudice here. Unless there are any further questions, we would respectfully ask the court to affirm the decision of the Veterans Court. Thank you, Mr. Hontos. Mr. Koppner has some time to reply. The VA offers the notion that the general rule is the general rule, and I'm not exactly sure what that is intended to mean. In the context of this case, it is a question of whether or not the board did or did not have jurisdiction to act beyond their disposition of the character of discharge for the second period of service. The VA has conceded in its argument this morning that it is difficult to determine what period of service the VA decided in the first instance. At one point, the VA suggested it decided the first period. The fact of the matter is that there was no direct disposition of the second period of service. Suppose the R.O. had said you're barred because of a bad conduct discharge, but in the alternative, if you aren't, we think you're entitled to benefits. It goes up to the board. The board decides the first issue. I take it that your view is they can't award the benefits, but it's got to go back to the R.O., right? Well, the general rule that the VA applies is that the board will not take away a benefit, and if they find that the character of discharge benefit was, then the board would probably have adopted that. But frankly, I have to concede that under the notion of the board's jurisdiction,  I do not believe that they can make decisions in the alternative. But clearly, a favorable decision for award of benefits in the alternative is far more consistent with the non-adversarial process than the notion that you make an adverse decision in the alternative so ambiguously that the government can't stand up here before this court and state clearly what decision it was that the VA made in the first instance. And therefore, I don't believe that the board could possibly have reviewed a decision that the VA simply never made. The only clear decision that was made was that he was disqualified for benefits based on his second period of service. Unless there's further questions from the court. Thank you, Mr. Ponder. The case will be taken under advisement, and that concludes our arguments for this morning. All rise. The honorable court is adjourned until tomorrow morning at 10 a.m.